**Iosefa POTOAE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71850.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2011.*

Filed Oct. 14, 2011.

Michael Lucien Jacob, Law Office of Michael L. Jacob, Bainbridge Island, WA, for Petitioner.

OIL, Carlton Frederick Sheffield, John Hogan, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioner, Iosefa Potoae (Potoae), a native of Somoa and lawful permanent resident, petitions for review of the Board of Immigration Appeals (BIA) decision finding Potoae removable pursuant to 8 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1227(a)(2)(A)(i). The BIA determined that Potoae's conviction for communicating with a minor for immoral purposes, in violation of Wash. Rev.Code § 9.68A.090, constituted a crime involving moral turpitude.

The BIA correctly concluded that Potoae was removable under 8 U.S.C. § 1227(a)(2)(A)(i) for commission of a crime involving moral turpitude. We have defined moral turpitude as "conduct that is inherently base, vile, or depraved and contrary to accepted rules of morality." *Morales v. Gonzales,* 478 F.3d 972, 978 (9th Cir.2007), *as amended* (citations and internal quotation marks omitted). Applying this definition, we held that violation of § 9.68A.090 categorically constitutes a crime involving moral turpitude. *See id.* Our holding in *Morales* controls this case and compels the conclusion that Potoae was removable for having committed a crime involving moral turpitude.[1]

**PETITION DENIED.**

---

1. Because we determine that Potoae was removable due to his commission of a crime involving moral turpitude, we need not and do not address the BIA's determination that Potoae was also removable due to his commission of an aggravated felony.